# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.S., by and through her mother Rosalind Solo; et al., <br><br> Plaintiffs, <br><br> v. <br><br> American Association of University Women; et al. <br><br> Defendants. | Case No. 15-cv-1356-WQH-AGS <br><br> **REPORT AND RECOMMENDATION THAT THE SETTLEMENT MOTION [DOC. 72] BE GRANTED** |

Rosalind Solo, plaintiff and guardian *ad litem* for the minor plaintiff D.S., seeks an order approving a proposed settlement of the minor plaintiff's claims against defendant Regents of the University of California. Because the settlement serves the minor's best interests, the Court recommends that the motion be granted.

## BACKGROUND

This suit arises from allegations that D.S. was removed from a one-week middle school camp as a result of disability discrimination. That camp, although hosted by other defendants, was held on the campus of the University of California, San Diego. The University disputes plaintiff's allegations, and specifically disputes that any decision to remove D.S. from the camp or any retaliation thereafter was the fault of any University employee. Solo and the University now seek to settle all of D.S.'s claims against the University based on a settlement agreement that contains no

1

financial recovery for D.S., but requires the University to include the following provisions into any contracts with the other defendants for the next five years:

> (1) The Organization is required to comply with state and federal laws regarding the accommodation of participants and applicants with disabilities.
>
> (2) The Organization shall provide participants with information regarding the Organization's obligation to comply with state and federal law regarding the accommodation of participants with disabilities and describing a method for participants to raise concerns regarding disability accommodations with the Organization.

The University also agrees to consider adding the same provisions to other conference contracts. Finally, plaintiffs' counsel may receive, upon request, a copy of each contract between the University and the other defendants for the next five years that concerns convention space leasing. Despite being provided an opportunity, none of the other defendants have opposed this settlement.

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182.

Having reviewed the first amended complaint, the Court believes that D.S has a low chance of victory against the University, particularly in proving that the University could be liable for a decision allegedly made by other entities who contracted to provide a camp on the University's property. But the Court recognizes

2

that litigation is always uncertain and new facts may have come to light during discovery that would have changed that position. Moreover, although the settlement lacks a financial recovery, D.S. has negotiated and received the benefit of contractual provisions that, her advocate believes, lessen the likelihood that similar treatment will occur in the future. The settlement of a minor's claim does not require monetary compensation in every instance. *See, e.g., Rangel v. United States*, No. 14-cv-1273-BGS, 2015 WL 12699862, at *1 (S.D. Cal. June 24, 2015). Finally, the Court recognizes that the two parties most likely to be found liable are remaining in the suit and have no objection to the settlement terms with the University. Balanced against the risk of time-consuming and expensive litigation that would likely prove fruitless, the settlement in this case is reasonable and in the minor's best interest.

Thus, this Court **RECOMMENDS** that:

1. The parties' joint motion to approve the settlement be **GRANTED.**
2. The compromise and settlement of the claims of the minor, D.S., be **APPROVED** as fair and reasonable and in the best interests of the minor plaintiff.

Any objections to this R&R are due by **June 5, 2017**.

Dated: May 22, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge