# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.S., By and Through Her Mother Rosalind Solo; and ROSALIND SOLO,<br><br>Plaintiffs,<br>v.<br>AMERICAN ASSOCIATION OF UNIVERSITY WOMEN; AMERICAN ASSOCIATION OF UNIVERSITY WOMEN OF THE STATE OF CALIFORNIA, INC.; REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 15cv1356-WQH-AGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Joint Application for Approval of Settlement filed by Plaintiffs D.S. and Rosalind Solo and Defendant Regents of the University of California (ECF No. 72) and the Report and Recommendation issued by United States Magistrate Judge Andrew G. Schopler recommending that (1) the parties' joint motion to approve the settlement be granted; and, (2) the compromise and settlement of the claims of the minor, D.S., be approved as fair and reasonable and in the best interests of the minor plaintiff. (ECF No. 74).

## I. Background

On June 21, 2016, Plaintiffs Rosalind Solo and D.S., a minor, by and through her guardian ad litem, Rosalind Solo, filed a First Amended Complaint against Defendants

American Association of University Women ("AAUW"); American Association of University Women of the State of California, Inc. ("AAUW - CA"); and, the Regents of the University of California ("The Regents"). (ECF No. 45). Plaintiffs' causes of action arise from allegations that Defendants discriminated against D.S. based on her disability during a one-week middle school camp hosted by AAUW and AAUW-CA and held at University of California, San Diego ("UCSD") in space leased by The Regents. *Id.* The Complaint alleges the following claims: (1) violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973; (2) violation of the California Unruh Civil Rights Act; (3) declaratory relief; (4) injunctive relief; (5) false or reckless reporting of alleged child abuse; (6) negligence and retaliatory reporting; and, (6) negligence per se. *Id.*

On April 11, 2017, Plaintiffs and Defendant The Regents filed a joint application for approval of settlement.[1] (ECF No. 72). The proposed settlement between Plaintiffs and The Regents provides that Plaintiffs will not receive monetary damages and that The Regents agree to include certain provisions in future conference contracts with AAUW-CA or AAUW for the lease of space at UCSD for at least five years following the effective date of the settlement agreement. The required provisions are as follows:

> (1) The Organization [AAUW or AAUW-CA] is required to comply with state and federal laws regarding the accommodation of participants and applicants with disabilities.
> (2) The Organization [AAUW or AAUW-CA] shall provide participants with information regarding the Organization's obligation to comply with state and federal law regarding the accommodation of participants with disabilities and describing a method for participants to raise concerns regarding disability accommodations with the Organization.

The Regents agree to consider adding these provisions in other UCSD conference contracts. Further, The Regents agree to provide Plaintiffs' counsel, upon written request, with a copy of any conference contracts for the lease of space at UCSD between The Regents and AAUW and/or AAUW-CA. (ECF No. 72).

---

[1] Defendants AAUW and AAUW-CA are not a party to this settlement and remain in the suit. Both of the remaining Defendants have motions to dismiss pending before the Court. (ECF Nos. 59, 61).

On May 22, 2017, United States Magistrate Judge Andrew G. Schopler issued the Report and Recommendation recommending that the parties joint motion to approve the settlement be granted and that the compromise and settlement of the claims of the minor, D.S., be approved as fair and reasonable and in the best interests of the minor plaintiff. (ECF No. 74). The Order stated that any objections to the Report and Recommendation should be filed by June 5, 2017. *Id.* The docket reflects that no objections have been filed.

**II. Review of the Report and Recommendation**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review *de novo* those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

After a review of the Report and Recommendation, the Court concludes that the Magistrate Judge correctly found that the settlement between Plaintiffs and The Regents is fair, reasonable and in the best interests of D.S., the minor plaintiff. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (holding that district courts have a special duty "to safeguard the interest of litigants who are minors" requiring that courts conduct an inquiry into whether a proposed settlement is in the best interest of a minor plaintiff).

///

///

///

**III. Conclusion**

IT IS HEREBY ORDERED that: (1) the Report and Recommendation (ECF No. 74) is ADOPTED in its entirety; and (2) the Joint Application for Approval of Settlement (ECF No. 72) is GRANTED.

DATED: June 28, 2017

**WILLIAM Q. HAYES**
United States District Judge