# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.S., By and Through Her Mother Rosalind Solo; ROSALIND SOLO, <br><br> Plaintiffs, <br> v. <br> AMERICAN ASSOCIATION OF UNIVERSITY WOMEN; AMERICAN ASSOCIATION OF UNIVERSITY WOMEN OF THE STATE OF CALIFORNIA, INC.; REGENTS OF THE UNIVERSITY OF CALIFORNIA; DOES 1 Through 10, Inclusive, <br><br> Defendants. | CASE NO. 15cv1356-WQH-JMA <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the motion to dismiss filed by Defendant American Association of University Women of the State of California, Inc. (ECF No. 59) and the motion to dismiss filed by Defendant American Association of University Women (ECF No. 61).

## I. Procedural Background

On June 12, 2016, minor Plaintiff D.S., by and through her mother Rosalind Solo and Plaintiff Rosalind Solo filed the first amended complaint ("FAC") against Defendants American Association of University Women ("AAUW"), American Association of University Women of the State of California, Inc. ("AAUW-CA"), and

Regents of the University of California.[1] (ECF No. 45). Plaintiffs assert the following causes of action: (1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 794; (2) violation of the Unruh Civil Rights Act, California Civil Code §§ 51-54; (3) declaratory relief; (4) injunctive relief; (5) false or reckless reporting of alleged child abuse, California Penal Code § 11172(a); (6) negligence and retaliatory reporting against Defendant AAUW-CA; and (7) negligence per se against Defendant AAUW-CA.

On September 12, 2016, Defendant AAUW-CA filed a motion to dismiss Plaintiffs' fifth, sixth, and seventh claims in the FAC. (ECF No. 59). On September 12, 2016, Defendant AAUW filed a motion to dismiss Plaintiffs' fifth claim in the FAC. (ECF No. 61). On November 14, 2016, Plaintiffs filed a combined response in opposition to the motions to dismiss. (ECF Nos. 65, 66). On November 28, 2016, Defendant AAUW-CA filed a reply. (ECF No. 68). On November 29, 2016, Defendant AAUW filed a reply. (ECF No. 69).

## II. Allegations of the First Amended Complaint

"AAUW-CA is a branch or affiliate of defendant AAUW." *Id.* ¶ 6. "AAUW-CA, under the overall direction and leadership of defendant AAUW, operates 'Tech Trek,' a one-week summer science and math camp that defendants AAUW and AAUW-CA claim is 'designed to develop interest, excitement, and self-confidence in young women' due to enter the eighth grade." *Id.* ¶ 14. "All sleeping, eating, instructional and recreational facilities are located at camps operated by defendant AAUW or its affiliate AAUW-CA in California." *Id.* ¶ 15. "[A]ll girls attend Tech Trek camps 'on scholarships provided by AAUW California branch members, working with participating middle schools in their area.'" *Id.* ¶ 17.

"Defendants' agreement pursuant to which the Tech Trek program operates on the campus of the University of California, San Diego, does not include any terms

---

[1] Defendant Regents of the University of California has been dismissed from this action following the Court's approval of a settlement agreement. (ECF No. 77).

requiring that Defendants AAUW or AAUW-CA not discriminate against people with disabilities in violation of California or federal laws." *Id.* ¶ 18. "[A]t all times relevant . . . Rozanne Child was Camp Director or Co-Director of the Tech Trek program conducted by defendants at the University of California, San Diego." *Id.* ¶ 19.

Plaintiff D.S. has cystic fibrosis. "As a result of her Cystic Fibrosis, [D.S.] takes digestive enzymes in pill form at home and school before snacks or meals. She also does pulmonary treatments . . . [that] are brief and can be self administered." *Id.* ¶ 21. "Treatments are usually done twice a day and take about 20 minutes." *Id.* "She does not need adult assistance while doing her pulmonary treatments." *Id.* ¶ 22.

"[P]laintiff Rosalind Solo received a letter dated January 27, 2014, signed by [the] Tech Trek Coordinator of the 'AAUW Del Mar-Leucadia Branch.' . . ." *Id.* ¶ 23.

> The letter [stated] that [D.S.] had been "nominated to attend Tech Trek Science and Math Camp," "sponsored by the American Association of University Women (AAUW)." Defendants requested that parents complete and return a "Parent Certification" allowing their child to attend the camp if selected, and that girls complete a 2-page Camp Application and a one-page essay. . . .

*Id.* ¶ 23. "[B]ased on the application materials submitted, Defendants were fully aware that [D.S.] has Cystic Fibrosis." *Id.* ¶ 24. "[D.S] was accepted to the 7-day Tech Trek camp. . . . Parents were asked to complete forms dealing with their child's medical history, a release form, transportation plan, and an attendance agreement form." *Id.* ¶ 26.

"Prior to the date of the camp, [D.S.]'s mother spoke with Rozanne Child on the telephone and discussed the details of [D.S.]'s medical condition and the minimal care she would need while at camp. Rozanne Child assured [Plaintiff Rosalind Solo] that there would be a nurse on staff 24/7, and that any needs of [D.S] would be met." *Id.* ¶ 30.

Once arriving at camp, Plaintiffs "visited the nurse's office and discussed [D.S.]'s medical regiment." *Id.* ¶ 31. "The camp nurse assured [Plaintiffs] that she was familiar with the regime[.]" *Id.* Plaintiffs "proceeded to [D.S.]'s assigned dormitory[.]" *Id.* ¶ 32. "[D.S.]'s dormitory 'mom' came into the room and introduced herself as 'Karen.'"

1   *Id.*

2       Plaintiff D.S. completed treatments in the nurse's office on the first evening at
3 camp and the following morning. *Id.* ¶¶ 33-34. On the morning of the second day at
4 camp, Plaintiff Rosalind Solo "received a telephone message from camp director
5 Rozanne Child . . . [saying] that [D.S.] had to leave the camp and Ms. Child wanted
6 [Plaintiff Rosalind Solo] to come to the camp and pick [D.S.] up immediately." *Id.* ¶
7 35. "Ms. Child insisted that [D.S.]'s needs were too complicated for her program to
8 accommodate . . . ." *Id.*

9       When Plaintiff Rosalind Solo picked Plaintiff D.S. up from the camp, "Plaintiff
10 [Rosalind] Solo told Ms. Child that kicking [D.S.] out of the camp was wrong . . . . Ms.
11 Child repeated her earlier statement with words to the effect that 'that machine' was
12 somehow too complicated for the camp program and that Plaintiff [Rosalind] Solo had
13 somehow not been forthcoming about [the] Cystic Fibrosis. She said words to the
14 effect that [D.S.]'s treatments were disruptive to the camp program." *Id.* ¶ 37.
15 "[D.S.]'s dorm 'mom' appeared upset and said, 'I am so sorry [D.S.], I am so sorry.'"
16 *Id.*

17       "On or about the day after [D.S.] was ejected from defendants' camp, [D.S.]'s
18 father called the AAUW headquarters in Washington, DC, to report the incident." *Id.*
19 ¶ 38. "On or about June 25, 2014, at about 8:00 PM, Plaintiff [Rosalind]Solo received
20 a phone message from Alicia Hettman, President of defendant AAUW-CA, stating in
21 essence that she wanted to gather the facts about what happened when [D.S.] was
22 ejected from the camp . . . . Ms. Hettman provided no assurances regarding a review of
23 the incident or any action that may be taken regarding Ms. Child's role in the matter."
24 *Id.* ¶ 39. D.S.'s father also called BNC 7 and a reporter "who then visited [D.S.]'s
25 home and interviewed [D.S.] and Plaintiff Solo." *Id.* ¶ 40. A story about [D.S.]'s
26 experience being ejected from Tech Trek camp aired on NBC 7. *Id.*

27       [S]everal days after [D.S.] was ejected from defendants' camp, Tech Trek
      staff filed a retaliatory report with the San Diego Child Protective Services
28       claiming that [D.S.] had recently suffered a physical injury to her face that
      may have been caused by her mother. . . . AAUW staff also falsely advised

> the San Diego Child Welfare Services that . . . Plaintiff [Rosalind] Solo was a neglectful parent because she sent her daughter to camp while ill and did not warn the camp staff of [D.S.]'s Cystic Fibrosis.

*Id.* ¶ 41. When Plaintiffs were interviewed by a Child Welfare Services employee, "[t]he Child Welfare Services employee shared with plaintiff [Rosalind] Solo that she felt the report of alleged abuse was not sustainable. The Child Welfare Services employee apologized to [Plaintiff Rosalind Solo] for having [to] go through an uncomfortable process, then left." *Id.* ¶ 43.

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[T]he tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

**IV. Discussion**

    **A. Reckless Reporting of Alleged Child Abuse**

Plaintiffs' fifth cause of action for reckless reporting of alleged child abuse is alleged against both Defendant AAUW and Defendant AAUW-CA. (ECF No. 45). Defendant AAUW and Defendant AAUW-CA both move to dismiss this cause of action in their respective motions. (ECF Nos. 59,61).

Defendant AAUW-CA contends that Plaintiffs have not alleged facts to show that Defendants do not have immunity under the Child Abuse Neglect and Reporting Act ("CANRA"). (ECF No. 59-1 at 1). Defendant AAUW-CA contends "Absent being able to plead such facts, AAUW-CA is presumed to be a mandatory reporter cloaked with absolute immunity and insulated from all of Plaintiffs' claims arising out of the alleged false reporting." *Id.*

Defendant AAUW contends that Plaintiffs are barred from bringing this cause of action because AAUW is a mandated reporter with absolute immunity pursuant to CANRA. (ECF No. 61-1 at 5). Defendant AAUW contends that "Plaintiffs fail to assert any factual allegations that the alleged, unnamed individual reporter is not a mandatory reporter, that AAUW knowingly and maliciously made a false report, and that CANRA does not confer absolute immunity to AAUW." (ECF No. 69 at 5). Defendant AAUW contends that this cause of action must be dismissed even if the report was made by a non-mandatory reporter volunteer, because AAUW is not

vicariously liable for the acts of an unpaid volunteer. *Id.* at 9.

Plaintiffs contend that volunteers are not mandated reporters under California law and "all adult supervisors at the camp, including the directors, dorm moms and nurse are all volunteers." (ECF No. 65 at 6-7). Plaintiffs contend that "it is very likely that the person who made the report was not a mandated reporter . . . everyone . . . working at the TechTrek camp were volunteers recruited and trained by AAUW-CA."[2] *Id.* at 15. Plaintiffs contend that Defendant AAUW is vicariously liable for the acts of a volunteer because it is not a public entity and its liability is not restricted by the California Government Code. *Id.* at 17-20.

Pursuant to CANRA, mandated reporters must report knowledge or reasonable suspicion of child abuse or neglect:

> Except as provided in subdivision (d), and in Section 11166.05, a mandated reporter shall make a report to an agency in Section 11165.9 whenever the mandated reporter, in his or her professional capacity or within the scope of his or her employment, has knowledge of or observes a child whom the mandated reporter knows or reasonably suspects have been the victim of child abuse or neglect.

Cal. Penal Code § 11166(a). The definition of a "mandated reporter" in CANRA includes: an administrator of a public or private day camp; an administrator or employee of a public or private youth center, youth recreation program, or youth organization; an administrator, board member, or employee of a public or private organization whose duties require direct contact and supervision or children; and a registered nurse. *Id.* § 11165.7(a)(6)-(8), (21). However, "volunteers of public or private organizations whose duties require direct contact with and supervision of children are not mandated reporters but are encouraged to obtain training in the identification and reporting of child abuse and neglect and are further encouraged to report known or suspected instances of child abuse or neglect to an agency specified in Section 11165.9." *Id.* § 11165.7(b).

CANRA provides immunity for civil or criminal liability for "mandated

---

[2] Plaintiffs assert that Defendants refused to disclose the identity of the reporter. (ECF No. 65 at 7).

reporters." *Id.* § 11172. Section 11172(a) provides:

> No mandated reporter shall be civilly or criminally liable for any report required or authorized by this article, and this immunity shall apply even if the mandated reporter acquired the knowledge or reasonable suspicion of child abuse or neglect outside his or her professional capacity or outside the scope of his or her employment. Any other person reporting a known or suspected instance of child abuse or neglect shall not incur civil or criminal liability as a result of any report authorized by this article unless it can be proven that a false report was made and the person knew that the report was false or was made with reckless disregard of the truth or falsity of the report, and any person who makes a report of child abuse or neglect known to be false or with reckless disregard of the truth or falsity of the report is liable for any damages caused.

*Id.* § 11172(a). The incident must be reported "as soon as practically possible," followed up by a written report "within 36 hours of receiving the information concerning the incident." *Id.* § 11166(a).

In *Watson v. County of Santa Clara*, a district court concluded that immunity under section 11172 is not an affirmative defense that must be proven by defendants at the pleading stage. 468 F. Supp. 2d 1150, 1157 (N.D. Cal. 2007). Instead, the court determined that "plaintiffs' claims fail unless they properly allege facts showing that defendants are not subject to § 11172 immunity." *Id.* This Court concludes that Plaintiffs must allege facts sufficient to support a reasonable inference that section 11172 immunity may not apply to the alleged reporter in order to state a claim for reckless reporting.

The FAC alleges that, "Tech Trek staff filed a retaliatory report with the San Diego Child Protective services claiming that [D.S.] had recently suffered a physical injury to her face that may have been caused by her mother." (ECF No. 45 ¶ 41). The FAC identifies the camp co-director Rozanne Child, "dorm mom" Karen, and the camp nurse as staff who were in contact with D.S. while attending the Tech Trek camp. (ECF No. 45). The FAC alleges that "the person who made the child abuse report was not a mandated reporter as that term is defined in [CANRA]." *Id.* ¶ 42. Plaintiffs' allegation that the reporter "was not a mandated reporter" is a legal conclusion. *Twombly*, 550 U.S. at 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as

true a legal conclusion couched as a factual allegation"). Plaintiffs fail to allege sufficient facts to permit a plausible inference that the Tech Trek staff who made the report was a volunteer or an individual not otherwise subject to section 11172 immunity.[3] Plaintiffs' fifth cause of action against Defendants AAUW and AAUW-CA is dismissed.

**B. Negligence and Retaliatory Reporting Against Defendant AAUW-CA**

Defendant AAUW-CA contends that the sixth cause of action for negligence and retaliatory reporting fails because "[m]andatory reporters enjoy complete immunity from any civil liability." (ECF No. 59 at 9). Defendant AAUW-CA contends that "[CANRA] merely 'encourages' that training be provided" to mandatory reporters. *Id.*

The sixth cause of action brings a claim for negligence and retaliatory reporting against Defendant AAUW-CA. (ECF No. 45 at ¶¶ 67-69). Plaintiffs allege that Defendant AAUW-CA "negligently failed to provide its employees, including any mandated reporter it may have hired, with training in the duties imposed by [CANRA]." *Id.* ¶ 68. Plaintiffs allege that Defendant AAUW-CA "negligently failed to require that such mandated reporter sign a statement to the effect that the mandated reporter had knowledge of the provisions of Section 11166 and would comply with those provisions." *Id.* Plaintiffs allege that Defendant AAUW-CA "negligently failed to provide such mandated reporter with a statement informing the mandated reporter of his/her reporting obligations under Section 11166 and failed to provide to the mandated reporter a copy of Sections 11165.7, 11166, and 11167 to the employee." *Id.* Plaintiffs allege that these negligent acts "resulted in [AAUW-CA's] employee or employees filing an unsubstantiated or retaliatory child abuse report[.]" *Id.*

Plaintiffs' sixth cause of action seeks to hold Defendant AAUW-CA liable for

---

[3] In the opposition to the motion to dismiss, Plaintiffs assert that all adult supervisors at the TechTrek Camp were volunteers. In support of this assertion, Plaintiff provides Defendants' Rule 26 Disclosures. (ECF No. 66). On this motion to dismiss pursuant to Rule 12(b)(6), the Court considers only the allegations of the FAC. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.").

the allegedly "unsubstantiated or retaliatory child abuse report." *Id.* CANRA provides that "[n]o mandated reporter shall be civilly or criminally liable for any report required or authorized by this article." Cal. Penal Code § 11172(a). The Court has concluded that the FAC failed to allege facts to support an inference that the TechTrek staff member who submitted the child abuse report was not a mandatory reporter. The sixth cause of action for negligence and retaliatory reporting against Defendant AAUW-CA is dismissed.

**C. Negligence Per Se Against Defendant AAUW-CA**

Defendant AAUW-CA contends that negligence per se is not an independent cause of action. (ECF No. 59-1 at 10). Defendant AAUW-CA contends that an ordinary claim for negligence must be viable in order for the presumption of negligence under California Evidence Code section 699 to be available. *Id.* Defendant AAUW-CA contends that "while the seventh claim fails for the same reasons as Plaintiffs' fifth and sixth claims, . . . dismissal of Plaintiffs' seventh claim is separately warranted if Plaintiffs' sixth claim for negligence is allowed to be maintained because the seventh claim is duplicative of the sixth claim." *Id.*

"'Negligence per se' is an evidentiary doctrine codified at Evidence Code section 669.'" *Quiroz v. Seventh Ave. Ctr.*, 45 Cal. Rptr. 3d 222, 244 (Ct. App. 2006). Pursuant to California Evidence Code section 669(a),

> The failure of a person to exercise due care is presumed if:
> (1) He violated a statute, ordinance, or regulation of a public entity;
> (2) The violation proximately caused death or injury to person or property;
> (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and
> (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

Cal. Evid. Code § 669(a). "[T]he doctrine of negligence per se does not establish tort liability. Rather, it merely codifies the rule that a presumption of negligence arises from the violation of a statute which was enacted to protect a class of persons of which the plaintiff is a member against the type of harm that the plaintiff suffered as a result of the violation." *Quiroz*, 45 Cal. Rptr. 3d at 244. "Accordingly, to apply negligence per se

is not to state an independent cause of action." *Id.*; *see also Rosales v. City of Los Angeles*, 98 Cal. Rptr. 2d 144, 151 (Ct. App. 2000) ("[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed.") (quoting *Cal. Serv. Station etc. Assn. v. American Home Assurance Co.*, 73 Cal. Rptr. 2d 182 (Ct. App. 1998)).

In their seventh cause of action, Plaintiffs allege that pursuant to California Evidence Code section 699, "a presumption of negligence (negligence per se) arises from Defendant AAUW-CA's violation of the ADA, the Unruh Act, or [CANRA] which . . . were enacted to protect a class of persons of which the plaintiff [D.S.] is a member against the type of harm which she suffered as a result of the violation of the statutes." (ECF No. 45 at ¶ 71). Negligence per se is not an independent cause of action and Plaintiffs' independent claim for negligence has been dismissed. Plaintiffs' seventh cause of action for negligence per se against Defendant AAUW-CA is dismissed.

## VI. Conclusion

IT IS HEREBY ORDERED that the motion to dismiss Plaintiffs' fifth, sixth, and seventh causes of actions filed by Defendant AAUW-CA (ECF No. 59) and the motion to dismiss Plaintiffs' fifth cause of action filed by Defendant AAUW (ECF No. 61) are GRANTED. Plaintiffs' fifth, sixth and seventh claims in the FAC are dismissed without prejudice. (ECF No. 45). Plaintiffs shall file any motion for leave to file an amended complaint pursuant to Local Civil Rule 7.1 and within thirty (30) days of the date this Order is issued.

DATED: August 28, 2017

**WILLIAM Q. HAYES**
United States District Judge