UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Devyn SOLO,<br><br>                         Plaintiff,<br><br>v.<br><br>AMERICAN ASSOCIATE OF<br>UNIVERSITY WOMEN, et al.,<br><br>                         Defendants. | Case No.: 15-cv-1356-WQH-AGS<br><br>**ORDER GRANTING MOTION FOR SANCTIONS** |

Plaintiff's counsel has violated Court orders four times. In an effort to avoid responsibility, he proffers several excuses, none of which are valid.[1] His rationalization is that he experienced failures with his email and was involved in other litigation. He even attempts to shift blame to opposing counsel by stating they should have notified him.

This, however, is Federal Court and an attorney licensed to practice in Federal Court cannot avoid his responsibilities to his client, to the Court, and to opposing counsel so easily. Accordingly, for the reasons set forth below, the Court grants defendant's request for sanctions.

## **BACKGROUND**

The Court, after all parties announced they were available on July 27, 2018, set that date for the Early Neutral Evaluation and Case Management Conference. (ECF No. 105.) The Court ordered the parties to submit confidential settlement statements to chambers, but plaintiff's counsel failed to timely submit such a statement. (*See* ECF No. 104.) Counsel

---

[1] The Court found that Mr. Schey's August 13, 2018 pleading (ECF No. 111) was improper and would not be considered. (*See* ECF No. 115.) However, the Court addresses some of the arguments made in that pleading.

1

ultimately made the submission after the Court ordered him to show cause.[2] (*See id.*) Then, on July 25, 2018, just two days before the ENE, the parties moved to continue the ENE for the second time. (*See* ECF Nos. 90 & 106.) This time, the parties needed to change the ENE date because plaintiff's counsel was no longer able to attend on July 27, 2018. (*See* ECF No. 106.) The Court set a July 26, 2018 telephonic hearing on the motion to continue and ordered Mr. Schey to initiate a joint call into chambers for the telephonic hearing on the parties' motion to continue. (ECF No. 107.) Mr. Schey failed to appear despite the fact the continuance was sought at his request. (*See* ECF No. 108.)

The Court then ordered Mr. Schey, by July 30, 2018, to file a declaration informing the Court why he did not attend the telephonic hearing and set an attorneys-only status conference for July 31, 2018. (*See id.*) Again, Mr. Schey failed to follow this Court's order and submitted nothing.

Considering plaintiff's counsel's record of nonappearance for these those two matters, the July 31, 2018 status conference was vacated and an Order to Show Cause was issued ordering Mr. Schey to attend a show cause hearing on August 8, 2018. (*See* ECF No. 109.) Again, Mr. Schey failed to appear. (*See id.*) Based on this record, the Court ordered AAUW to submit a fee petition for fees and costs incurred after the parties filed the joint motion to continue the ENE on July 25, 2018. (*See* ECF No. 110.)

AAUW now seeks monetary sanctions against plaintiff in the amount of $3,578.50 as compensation for the costs incurred, based on the following fees and expenses:

---

[2] Mr. Schey informed the Court that he inadvertently failed to timely file plaintiff's confidential settlement statement because of his travel abroad with limited access to the internet and his involvement in the *Flores v. Sessions* settlement. (ECF No. 114, at 9.) According to Mr. Schey, his position as class counsel for *Flores* required his "immediate and round-the-clock involvement in monitoring compliance with the settlement at dentention sites throughout the country." (*Id.* at 8-9.)

2

| | |
|---|---|
| Attorney's fees | $3,400.00 |
| [13.6 hours x $250.00 hourly rate] | |
| Travel | 148.50 |
| Parking | 30.00 |

(*See* ECF No. 112.)

## **LEGAL STANDARD**

Magistrate judges have the authority to issue sanctions based on a party's or attorney's failure to obey scheduling or pretrial orders. Federal Rule of Civil Procedure 16(f) provides that if a party fails to obey the Court's scheduling or other pretrial order, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)." Fed. R. Civ. P. 16(f)(1). In addition to or in lieu of other sanctions, "the court *must* order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added).

Further, Civil Local Rule 83.1(a) permits the Court to order sanctions for failure to comply with the Local Rules or the Federal Rules of Civil Procedure. Specifically, Rule 83.1(a) provides:

> Failure of counsel or of any party to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

Civ. L.R. 83.1(a).

"A showing of bad faith[3] is not necessary when the Court issues sanctions under Rule 16 or the Local Rules." *White v. Papoutis*, No. 16-CV-02694-JLS-DHB, 2017 WL 1020585, at *2 (S.D. Cal. Mar. 16, 2017) (citing *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (finding appropriate the district court's issuance of sanctions under Federal Rule of Procedure 16 and the district court's local rules when the president of the plaintiff-business failed to appear at a mediation session and gave no prior notice)). "Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order." *Sanchez v. Brawley Elementary Sch. Dist.*, No. 14-CV-00564-GPC-PCL, 2016 WL 3074404, at *1 (S.D. Cal. June 1, 2016) (citing *Lucas*, 275 F.3d at 769).

## DISCUSSION

Rule 16(f) dictates that AAUW's motion for sanctions be granted against plaintiff's counsel in this case. Here, AAUW cooperated with plaintiff and filed a joint motion to continue the July 27, 2018 ENE to attempt to accommodate Mr. Schey's schedule.[4] Mr.

---

[3] AAUW and Mr. Schey both cite *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991) and refer to the Court's inherent power impose sanctions not conferred by rule or statute. (*See* ECF Nos. 112-1, at 2, & 114, at 15.) Mr. Schey claims that, under the *Chambers* standard, the Court's inherent power to impose sanctions only applies to bad faith conduct. (*See* ECF No. 114, at 16.) As such, Mr. Schey argues that sanctions are inappropriate because he did not disobey the Court's orders intentionally. (*See id*. at 18.) However, both parties are incorrect in their application of the *Chambers* inherent power standard to this case. Mr. Schey violated both the Local Rules and Rule 16 of the Federal Rules of Civil Procedures.

[4] Although he advised this Court he was available on July 27, 2018, Mr. Schey subsequently either proposed or agreed to July 27, 2018 as a date for a hearing in the *Flores* matter. (*See* ECF Nos. 103 & 112-2, at 10.) On June 13, 2018, this Court reset the ENE

4

Schey then violated three Court orders since the joint motion was filed and ultimately caused AAUW to incur additional fees and costs. (*See* ECF Nos. 107-10.)

Mr. Schey first argues that he did not intentionally disregard the Court's Orders. He claims he "was not aware of those court Orders because his domain server stopped forwarding his emails to his email account." (ECF No. 114, at 4.) Mr. Schey claims he did not receive the Court's ECF Orders or become aware of the orders until August 11, 2018. (*See* ECF No. 114, at 11.) "For technical reasons neither Plaintiffs' counsel understands […]," the emails issued by the ECF system from July 25 to July 31, 2018, were not forwarded to Mr. Schey's email account. (*Id*. at 12-13.)

Mr. Schey, however, accepts no responsibility for his failure to adequately monitor this case. Instead, he asserts he "bear[s] no fault whatsoever for the technical failure that resulted in [his] being unaware of this Court's Orders issued between July 25 and 31, 2018." (*Id*. at 13.) Moreover, Mr. Schey claims that had he "been aware that emails were not being forwarded to his email account, he would have reviewed PACER on a daily basis to monitor filings in this case." (*Id*. at 13 n.9.) Such excuses are typically inadequate. *See Lucore v. Bank of N.Y. Mellon*, 16-CV-03099-AJB-KSC, 2017 WL 1354798, at *4 (S.D. Cal. Apr. 13, 2017) (noting that parties "are responsible for checking the court docket throughout the filing process to ensure they are aware of any notices of entry of orders from the court").

Further, the proffered excuse avoids addressing the problem. The Court finds it especially troubling that Mr. Schey assumed the parties' joint motion to continue the ENE would be granted. Aside from his excuses that he was traveling, busy with commitments to other cases, and having email issues, Mr. Schey has provided **NO** explanation why he

---

date to the proposed July 27, 2018 date. (ECF No. 105.) Even though he was or should have been aware of the conflicting settings, Mr. Schey failed to advise the Court of his conflict until the eleventh hour.

5

failed to check and see if the motion for continuance was granted. Mr. Schey was ordered to appear before the Court for an ENE on July 27, 2018, and there is no dispute he was aware of that setting. On July 25, 2018–just two days before the scheduled ENE date–the parties filed a joint motion to continue the ENE date. According to Mr. Schey, July 25, 2018, is the date he started having problems with his email account and stopped receiving notification of the Court's orders. That Mr. Schey was not receiving email notifications not only did not relieve him of his duty to check the court docket to see if the motion was granted or denied, but it would have made it all the more important. It was entirely inappropriate for counsel to assume the motion was granted and the ENE date continued. Here, the motion was not immediately granted and the parties were ordered to appear on July 26, 2018 for a telephonic hearing. When the joint motion to continue the ENE was filed, Mr. Schey had two options, and assuming the motion would be granted was not one of them. Mr. Schey could either verify that the motion was granted or appear for the scheduled ENE. Instead, Mr. Schey took no action to check the docket and then failed to appear for the hearing. An attorney who assumes the Court will grant a motion, whether opposed or unopposed, makes that assumption at his own peril–especially in a case that is more than three year years old.

After failing to appear for the August 8, 2018 show cause hearing, Mr. Schey filed a self-serving declaration explaining why he was not responsible for ignoring multiple Court orders. (*See* ECF No. 111.) Mr. Schey's submission is inadequate. The Court still does not know the full story. The Court set the show cause hearing to allow Mr. Schey to explain himself and to allow the Court to inquire about specific instances. Because Mr. Schey failed to appear, these questions remain unanswered. While the Court has the power to order another show cause hearing, doing so will only create further delay and expense. Instead, the Court decides counsel's conduct warrants this assessment of costs.

Under Civil Local Rule 83.4(b), "any attorney permitted to practice in this court must be familiar with and comply with the standards of professional conduct required of members of the State Bar of California, which are now adopted as standards of professional

6

conduct of this court." The California Rules of Professional Conduct provide that an attorney "shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence." California Rule of Professional Conduct 3-110(A). "Competence" can mean the "diligence […] reasonably necessary for the performance of such service." California Rule of Professional Conduct 3-110(B).

Although the Court declines to address whether Mr. Schey has breached the duty of diligence owed to plaintiff, the Court stresses the importance for an attorney not to take on more work than they can handle. That Mr. Schey was occupied with his role in the *Flores* matter is no excuse for his lack of diligence in this matter. Mr. Schey agreed to represent plaintiff in this matter and cannot raise his commitment to other matters as a defense for failing to comply with this Court's orders.

The question then, is what is the proper remedy for Mr. Schey's violations of this Court's orders. The Federal Rules provide that it is appropriate for the Court to order an attorney to pay as a sanction opposing counsel's reasonable expenses, including attorney's fees, incurred because of the attorney's noncompliance with a court order. Fed. R. Civ. P. 16(f)(2). Such an award is mandatory "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *Id*. As explained previously, the Court finds Mr. Schey's failure to comply was due to his own lack of diligence, so his noncompliance was not substantially justified. Moreover, as explained in their declaration, AAUW's counsel wasted considerable time preparing, traveling, and appearing for Court-ordered conferences and hearings Mr. Schey did not attend.

Determining whether attorney's fees are reasonable typically involves calculating the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). The Supreme Court has repeatedly reemphasized that discretion to determine the amount of a fee award lies with the district court. *Id*. at 437. In this case, AAUW's counsel requests compensatory sanctions in the amount of $3,578.50, which is comprised of 13.6 hours of work at an hourly billing rate of $250.00, as well as travel costs and parking fees. (ECF No. 112-1.)

7

AAUW's counsel reviewed the Court's orders, prepared for three Court-ordered hearings, and attended Court-ordered hearings on July 26 telephonically and August 8, 2018 in person. (*See id.*) Given the number of Court-ordered hearings AAUW prepared for and which Mr. Schey failed to attend, the Court finds 13.6 hours to be a reasonable amount of time.[5] A billing rate of $250.00 per hour is reasonable for an experienced attorney in the San Diego market, so the Court also finds AAUW's counsel's billing rate to be appropriate.

Accordingly, the Court finds the issuance of sanctions, comprised of the fees and expenses incurred by AAUW after the joint motion filed on July 25, 2018, to be warranted against Mr. Schey.

## **CONCLUSION**

Based on the foregoing, AAUW's motion for their reasonable attorney's fees and expenses is granted. The Court awards AAUW the sum of $3,578.50 as sanctions for Mr. Schey's violation of Court orders. This amount represents the fees and costs incurred by AAUW as a direct result of Mr. Schey's violations. In light of counsel's repeated misconduct, the Court considered the imposition of additional monetary sanctions. Although the imposition of additional monetary sanctions would be warranted, the Court elects not to do so at this time and instead chooses to **ADMONISH** and **WARN** Mr. Schey that future misconduct on his part may result in the imposition of much more severe sanctions.

---

[5] Mr. Schey claims that fees should not be awarded for the costs AAUW incurred to appear at the August 8, 2018 hearing because AAUW's counsel was not required to attend. Although attendance was not required, AAUW's counsel had every right to attend the hearing. The Court is of the opinion AAUW's counsel should have attended in order to properly represent their client. Accordingly, reimbursement for AAUW's cost of attendance is warranted.

This sanction is levied solely against plaintiff's counsel Peter Schey. Consequently, Mr. Schey shall pay monetary sanctions in the amount of $3,578.50, to be delivered directly to AAUW by September 14, 2018. Such costs are not to be charged to Mr. Schey's client or reimbursed out of any settlement or judgment that may occur in the future.

**IT IS SO ORDERED.**

Dated: August 31, 2018

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE